**NATIONAL LABOR RELATIONS BOARD, Petitioner–Cross–Respondent,**

v.

**IGRAMO ENTERPRISE, INC., Respondent–Cross–Petitioner.**

Nos. 08–1861–ag(L), 08–2207–ag.

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

John Diviney (Alan B. Pearl and Siam Asad Ali, on the brief), Alan B. Pearl & Associates, Syosset, NY, for Petitioner.

Meredith L. Jason, Supervisory Attorney (Jeffrey L. Horowitz, Attorney, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, John E. Higgins, Jr., Deputy General Counsel, on the brief) for Ronald Meisburg, General Counsel, the National Labor Relations Board, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Igramo Enterprise, Inc. ("petitioner") petitions for review of a December 28, 2007 decision and order of the National Labor Relations Board ("the Board") finding that petitioner had committed several violations of Section 8(a)(1) of the National Labor Relations Act ("the Act"), which prohibits employers from threatening or taking adverse action against an "employee" for engaging in "concerted activities" protected under Section 7(a) of the Act. *See* 29 U.S.C. § 158(a)(1); *Igramo Enterprise, Inc. & Orce Frias & Gustavo Betancourth,* 351 NLRB No. 99, at *1 (2007). The Board explained in its December 28, 2007 decision and order that petitioner violated Section 8(a)(1) when, upon learning of a collective effort among employees to seek higher wages and benefits, it (1) informed employees that they would be fired or lose their jobs, because the petitioner would be forced out of business, if employees pursued a complaint against petitioner with the Board and (2) fired one employee and reassigned another. The Board ordered petitioner to refrain from future threats against employees engaged in protected conduct and ordered the reinstatement of the fired employee and the reinstatement of the reassigned employee. *Id.* at *20–*21. On appeal, petitioner argues that its conduct was not governed by the provisions of the Act at issue because its workers are independent contractors, not employees. *See* 29 U.S.C. § 152(3) (excluding "independent contractor[s]" from the definition of "employee" under the Act). Petitioner further contends that the Board erred in finding that it unlawfully retaliated against two employees engaged in activity protected under the Act. We assume the parties' familiarity with the facts and procedural history of the case.

"Our review of Board orders is quite limited." *N.L.R.B. v. Katz's Delicatessen of Houston Street, Inc.,* 80 F.3d 755, 763 (2d Cir.1996). "We uphold the NLRB's findings of fact if supported by substantial evidence and the NLRB's legal determinations if not arbitrary and capricious." *Cibao Meat Prod., Inc. v. N.L.R.B.,* 547 F.3d 336, 339 (2d Cir.2008) (internal quotation marks omitted); *see also id.* (noting that "[o]ur review [of Board orders] is deferential" (internal quotation marks omitted)).

Petitioner does not contest that it threatened workers who demanded higher wages and informed petitioner that they were considering filing a complaint with the Board. The only question before us is whether the Board correctly determined that petitioner failed to meet its burden of proving that its workers were independent contractors. *See, e.g., BKN, Inc.,* 333 NLRB 143, 144 (2001) ("[T]he

---

party asserting that an individual is an independent contractor has the burden of establishing that status."). The Board's determination on that score was supported by substantial evidence, including evidence that workers perform daily tasks under strict guidelines set by petitioner. The Board also found that the time constraints of working for petitioner did not leave workers with opportunities to pursue other entrepreneurial outlets. *See Roadway Package System*, 326 NLRB 842, 850 (1998) (noting that the "degree of control exercised by an employing entity over an individual" is relevant in determining whether the individual is an employee or an independent contractor). We hold that the Board did not err in determining that petitioner's workers were employees, and not independent contractors.

The Board's conclusions that petitioner violated Section 8(a)(1) in reassigning an employee who engaged in activity protected by the Act and again violated Section 8(a)(1) in firing an employee for the same reason were also supported by substantial evidence; petitioner failed to meet its burden of demonstrating that it would have taken the same course of action even absent the employees' activities. *See W.F. Bolin Co.*, 311 NLRB 1118, 1119 (1993) (noting that, once the employee has established (1) engagement in protected concerted activities (2) the employer's awareness of those activities and (3) animus toward them, the employer "must persuade [the trier of fact] by a preponderance of the evidence that the same action would have taken place even in the absence of the protected activity").

Accordingly, the petition for review is DENIED.